UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY PIERCE,

      Plaintiff,                                            Hon. Hala Y. Jarbou

v.                                                                Case No. 1:22-cv-863

P. BAILEY, et al.,

      Defendants.
_____/

**ORDER GRANTING MOTION TO STAY DISCOVERY**

The Court has before it Defendant's Motion to Stay Discovery pending a decision on her recently-filed motion to dismiss on the ground of qualified immunity. (ECF No. 42.) Plaintiff has failed to respond to the motion within the allowed time. For the reasons that follow, the motion is **granted**.

Pursuant to the Standard Case Management Order in a Prisoner Civil Rights Case entered on December 28, 2022, "[i]f a defendant files a motion [on the basis of qualified immunity], discovery will be stayed at defendant's request." (ECF No. 11 at PageID.52.) Defendant has satisfied both conditions by: (1) filing a motion to dismiss based on qualified immunity; and (2) filing a motion to stay discovery. Moreover, the Supreme Court has emphasized that, until the threshold question of qualified immunity is resolved by the court, discovery should be stayed, because qualified immunity is an immunity from suit, not just from liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) ("Because *Mitchell* contemplates that the defendant is to be also protected from the burdens of discovery until the resolution of [qualified immunity], *Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided."). Moreover, the Sixth

2

Circuit has specifically recognized a district court's broad discretion to stay discovery when faced with a motion to dismiss that presents a case-dispositive legal issue. *See Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999))).

In light of the foregoing authorities, a stay of discovery is appropriate in this case until the issue of qualified immunity is resolved. Accordingly, all discovery is stayed pending a decision on Defendant's motion to dismiss.

**IT IS SO ORDERED**.

Dated: June 21, 2023

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge